UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Cole

    v.                                                   Civil No. 11-cv-018-JL

Robert Thyng et al.

**O R D E R**

Before the court for preliminary review, under 28 U.S.C. § 1915A and Local Rule ("LR") 4.3(d)(2), is pro se plaintiff Christopher Cole's complaint. The complaint, for all purposes in this action, is construed to consist of the original complaint (doc. no. 1), the amendments and addenda, and exhibits thereto (doc. nos. 11, 16-18, 21, 26-27, 30, and 39) (hereinafter "Complaint"). Also pending is Cole's motion to amend the complaint (doc. no. 26) and his motion for appointment of counsel (doc. no. 25).

**Discussion**

I.   Motion to Amend

A plaintiff may amend a complaint as a matter of course less than 21 days after a response to the complaint has been served. See Fed. R. Civ. P. 15(a)(1). The complaint at issue in this case has not yet been served. Accordingly, Cole's motion to amend the complaint (doc. no. 26) is granted. See id.

II. <u>Motion for Appointment of Counsel</u>

Cole has requested that this court appoint counsel for him because his imprisonment limits his ability to investigate the issues, and because his access to the law library is restricted. Additionally, Cole asserts that his knowledge of the law is limited, and that his mental health issues, including Attention Deficit Hyperactivity Disorder ("ADHD") and anxiety, "make research and effective communication very difficult." Mot. to Appoint Counsel (doc. no. 25), at 1. Cole believes that a trial in the case will involve conflicting testimony, and that a lawyer would be better able to present evidence and cross-examine witnesses.

There is no absolute constitutional right to free legal representation in a civil case. <u>See</u> <u>Maroni v. Pemi-Baker Reg'l Sch. Dist.</u>, 346 F.3d 247, 257 (1st Cir. 2003). Rather, appointment of counsel in a civil case is left to the discretion of the court. <u>See</u> 28 U.S.C. § 1915(d). Appointment of counsel is warranted if an indigent litigant demonstrates that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law. <u>See</u> <u>King v.</u>

2

Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) (citing DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)).

    Here, Cole's assertions regarding his imprisoned status and consequentially limited access to the law library, as well as his mental health diagnoses, are insufficient to demonstrate that, without court-appointed counsel, he would suffer a due process violation.  Cole has demonstrated an ability to draft cogent filings, to cite pertinent legal authority, and to obtain relevant statements from fact witnesses.  No evidentiary hearings have been scheduled in this case.  If the district judge should accept the Report and Recommendation issued this date, recommending that all claims be dismissed for failure to state a claim, then no such hearings will be scheduled.  Cole has thus failed to show that circumstances warrant the appointment of counsel at this time.

## Conclusion

    For the foregoing reasons, the motion to amend the complaint (doc. no. 26) is GRANTED.  The motion to appoint counsel (doc. no. 25) is DENIED, without prejudice to refiling if the Report and Recommendation is not accepted, and the status

of the case and Cole's circumstances otherwise require the appointment of counsel.

**SO ORDERED.**

_____
Landya McCafferty
United States Magistrate Judge

November 8, 2011

cc: Christopher Cole, pro se

LBM:nmd